UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN MICHAEL STEINPREIS,

    Petitioner,

    v.                                                                                       Case No. 22-CV-933-SCD

MICHAEL MEISNER,
    *Warden, Fox Lake Correctional Institution*,

    Respondent.

## DECISION AND ORDER
## DENYING THE PETITION FOR WRIT OF HABEAS CORPUS

Steven Michael Steinpreis challenges his 2019 conviction for repeatedly sexually assaulting his minor granddaughter. Steinpreis maintained his innocence at trial, but the jury didn't believe him, and the Wisconsin state courts denied his attempt to obtain postconviction relief. Steinpreis filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is in custody in violation of his constitutional rights. For the reasons that follow, the petition will be denied.

## BACKGROUND

In 2018, ten-year old Tiffany[1] accidentally encountered her great-grandfather sleeping naked. ECF No. 8-5 at 81:23–82:7. She later revealed to her grandmother that his penis was not the only she had seen: she previously saw that of her grandfather—the petitioner Steven Steinpreis. *Id.* at 216:2–20. Her grandmother said Tiffany needed to talk to her mother about

---

[1] The state court used Tiffany as a pseudonym, pursuant to Wis. Stat. Rule 809.86. *See* ECF No. 8-2 at 2 n.1.

what she told her. *Id.* at 207:20–21. Tiffany shared that Steinpreis had been "poking" her with his erect penis, making her touch it, watching her shower, and touching or "tickling" her vagina both over and under her clothes. *Id.* at 52:20–22, 61:9, 71:7–8, 258:2–4, 276:17–18. The State charged Steinpreis with repeated sexual assault of the same child and exposing his genitals to a child for purposes of sexual arousal or gratification. ECF No. 8-7 at 268:25–269:16.

Steinpreis presented a two-pronged defense: (1) challenging the reliability of Tiffany's allegation, and (2) proffering evidence that he was a person of good character with no history of sexual assault. ECF No. 10 at 4. At trial, Steinpreis presented over twenty character witnesses as evidence that he was widely known to be a good person who would never do such a thing. *Id.* at 5. During closing arguments, the prosecutor referenced more than ten prominent figures, including Bill Cosby and Kevin Spacey, who were also widely believed to be good people but were convicted of sexual assault. ECF No. 8-7 at 279:24–281:21. After listing these examples, the prosecutor stated, "That's why, in this case, it doesn't matter who testified, it doesn't matter how many people testified, it matters what they said." *Id.* at 281:22–24. Steinpreis's counsel did not object to the prosecutor's remarks. ECF No. 10 at 9. The prosecutor went on to emphasize the jury instruction about credibility of witnesses, while the rest of the State's lengthy closing argument focused on Tiffany's testimony, the reliability and specific nature of her allegations, Tiffany's lack of motive to lie, the spontaneous nature of her disclosure, the testimony of Tiffany's grandmothers regarding suspicious events they observed, and the consistencies between what Tiffany told her mother, what she told the forensic investigator, and what she said on the stand. ECF No. 8-7 at 282:13–298:14.

The jury found Steinpreis guilty of repeated sexual assault but acquitted him on the exposure charge. *Id.* at 337:17–24. Consistent with the rules governing Wisconsin's direct appeal procedure, Steinpreis filed a postconviction motion for a new trial. ECF No. 8-11. He argued that his trial attorney should have objected to the prosecutor's closing argument and that failure to do so constituted ineffective assistance of counsel. *Id.* at 11. The circuit court held a hearing on the motion at which Steinpreis's trial counsel testified. ECF No. 8-9. Counsel explained that he did not find the comments objectionable and thought he effectively distinguished Steinpreis from the public figures listed during closing arguments. *Id.* at 17:8–23. The same judge who presided over Steinpreis's trial decided his postconviction motion. *Compare id.* at 1, *with* ECF No. 8-4 at 1.

After the circuit court denied Steinpreis's postconviction motion, Steinpreis filed a direct appeal. ECF Nos. 8-1, 8-12. In a per curiam decision, the Wisconsin Court of Appeals affirmed the denial of the postconviction motion and affirmed the trial court's rulings on two other state-law issues. ECF No. 8-2. With respect to the ineffectiveness claim, the court found nothing deficient in trial counsel's failure to object to the prosecutor's closing argument, so it did not reach the prejudice prong. *Id.* ¶ 16. The Wisconsin Supreme Court denied Steinpreis's petition for review. ECF No. 8-3 at 35.

On August 15, 2022, Steinpreis filed a habeas petition in federal district court. ECF No. 1. The clerk of court randomly assigned the matter to me, and all parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 3, 7. Michael Meisner, the warden who has custody of Steinpreis, filed an answer to the federal habeas petition, ECF No. 8; Steinpreis filed a brief in support of his petition, ECF

No. 10; Meisner filed a brief in opposition, ECF No. 13; and Steinpreis filed a reply brief, ECF No. 17.

## STANDARD OF REVIEW

Steinpreis's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, a prisoner in custody pursuant to a state-court judgment of conviction is entitled to federal habeas relief only if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). With respect to claims adjudicated on the merits in state court, a federal court can grant an application for a writ of habeas corpus "only if the state court's decision was contrary to clearly established Supreme Court precedent, involved an unreasonable application of such precedent, or was based on an unreasonable determination of the facts in light of the evidence presented in state court." *Promotor v. Pollard*, 628 F.3d 878, 888 (7th Cir. 2010) (citing 28 U.S.C. § 2254(d)); *see also White v. Woodall*, 572 U.S. 415, 419 (2014).

"A legal principle is 'clearly established' within the meaning of [§ 2254(d)(1)] only when it is embodied in a holding of [the Supreme Court]." *Thaler v. Haynes*, 559 U.S. 43, 47 (2010) (citing *Carey v. Musladin*, 549 U.S. 70, 74 (2006); *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). A state-court decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412–13.

Similarly, a state-court decision results in an "unreasonable application" of clearly established federal law when that court either "identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's

4

case" or "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407. A writ of habeas corpus may not issue under the "unreasonable application" clause "simply because the federal court concludes that the state court erred." *Kubsch v. Neal*, 838 F.3d 845, 859 (7th Cir. 2016) (citing *Woodford v. Visciotti*, 537 U.S. 19, 24–25 (2002)). "Rather, the applicant must demonstrate that the state court applied the Supreme Court's precedent in an objectively unreasonable manner." *Id.* (citation omitted); *see also Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir. 2003) (observing that "'unreasonable' means something like lying well outside the boundaries of permissible differences of opinion") (citation omitted)).

"[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). For purposes of federal habeas review, state-court factual determinations are entitled to "substantial deference." *Brumfield v. Cain*, 576 U.S. 305, 314 (2015). To obtain relief under § 2254(d)(2), a petitioner must demonstrate that the state-court decision "rests upon fact-finding that ignores the clear and convincing weight of the evidence." *McManus v. Neal*, 779 F.3d 634, 649 (7th Cir. 2015) (quoting *Goudy v. Basinger*, 604 F.3d 394, 399 (7th Cir. 2010)); *see also* 28 U.S.C. § 2254(e)(1). "The decision must be 'so inadequately supported by the record as to be arbitrary and therefore objectively unreasonable.'" *Alston v. Smith*, 840 F.3d 363, 370 (7th Cir. 2016) (quoting *Ward v. Sternes*, 334 F.3d 696, 704 (7th Cir. 2003)).

When applying the above standards, federal courts look to "the 'last reasoned state-court decision' to decide the merits of the case, even if the state's supreme court then denied

5

discretionary review." *Dassey v. Dittmann*, 877 F.3d 297, 302 (7th Cir. 2017) (quoting *Johnson v. Williams*, 568 U.S. 289, 297 n.1 (2013)).

## ANALYSIS

Steinpreis alleges one potential ground for relief in his federal habeas petition: that his trial counsel provided ineffective assistance by failing to object to the prosecutor's "improper and inflammatory" closing argument. ECF No. 10 at 22. The respondent contends that the prosecutor made a permissible argument and that Steinpreis has failed to show objective unreasonableness in the state court decision. ECF No. 13 at 16, 25.

### I. A Doubly Deferential Standard Applies to Ineffective Assistance Claims.

Criminal defendants have a constitutional right "to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)). To succeed on an ineffective-assistance-of-counsel claim, a habeas petitioner "must show both that counsel's representation fell below an objective standard of reasonableness, and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986) (citing *Strickland*, 466 U.S. at 688, 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "[C]ourts need not address both prongs of *Strickland*" if the petitioner makes an inadequate showing as to one. *Atkins v. Zenk*, 667 F.3d 939, 946 (7th Cir. 2012) (citing *Strickland*, 466 U.S. at 697).

"Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. On habeas review, "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that

6

Case 2:22-cv-00933-SCD   Filed 04/17/24   Page 6 of 11   Document 18

determination was unreasonable—a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). Thus, when a *Strickland* claim is evaluated under § 2254(d)(1), the standard of review is said to be "doubly deferential." *See id.* (citing *Yarborough v. Gentry*, 540 U.S. 1, 5–6 (2003) (per curiam)).

On top of this double deference, I must bear in mind that "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Id.*; *see also Harrington v. Richter*, 562 U.S. 86, 101 (2011) ("[t]he more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations."). As the Supreme Court emphasized in *Harrington*: "If this standard is difficult to meet, that is because it was meant to be." 562 U.S. at 102. Although § 2254 "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," a federal court's authority to issue a writ of habeas corpus under that section is reserved for cases "where there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Id.*

## II. The Petitioner has not Established an Unreasonable Determination of the Facts.

First, a detour. In an effort to circumvent AEDPA and *Strickland*'s double deference, Steinpreis couches his argument as an effort to correct a *factual* finding made by the state courts. Specifically, he argues that when the court of appeals found no fault with the prosecutor's statements about celebrities who were convicted of sex crimes, the court made an "indefensible factual finding." ECF No. 10 at 2. It is not exactly clear what "fact" the court of appeals erred in finding, however, unless it is simply that the court disagreed with him that the prosecutor had introduced "facts" outside of the evidence. But that is not a factual finding, it's a legal conclusion. That the court's conclusion *related to* an argument about facts in or out

of the evidence does not transform it into a factual finding itself. Emphasizing its legal conclusion, the court wrote: "Contrary to Steinpreis's claims, the comments were not an *unfair* attempt to insert facts not in evidence for the jury to use in its deliberations." ECF No. 8-2 ¶ 14 (emphasis added). The court's reasoning is further set forth as follows:

> We conclude Steinpreis's trial counsel was not deficient for failing to object to the prosecutor's closing comments. We agree with the circuit court's reasoning that the prosecutor's argument was a fair commentary upon Steinpreis's character defense. The prosecutor made the point that limited interaction with an individual oftentimes is not reflective of that person's true personality and nature, using well-known celebrities and public figures as examples. He urged the jurors to refer to proper factors for assessing witness credibility in determining what weight to give the witnesses' testimony.
>
> Contrary to Steinpreis's claims, the comments were not an unfair attempt to insert facts not in evidence for the jury to use in its deliberations. Rather, the prosecutor's argument was, at its core, an appeal to the jury to use its common sense and knowledge in evaluating the persuasiveness of Steinpreis's bevy of character witnesses.

*Id.* at ¶¶ 13–14.

The court of appeals clearly addressed Steinpreis's appeal as a legal challenge to his attorney's performance—not as a dispute over a question of fact determined by a state tribunal. Accordingly, I will address his challenge in the same fashion. The question is whether the state court misapplied the law, not whether it made an unreasonable determination of any fact.

### III. The State Court did not Unreasonably Apply *Strickland*.

Steinpreis relies on *Martin v. Grosshans*, 424 F.3d 588 (7th Cir. 2005). In *Martin*, a habeas petitioner who was convicted of child sexual assault alleged ineffective assistance based on his trial counsel's failure to move for mistrial after the prosecutor's improper closing

8

arguments. *Martin*, 424 F.3d at 591. "At closing argument, the prosecutor argued that the jury should not be swayed by the testimony of Martin's character witnesses, because even men like Jeffrey Dahmer and Theodore Oswald had character witnesses." *Id.* at 590. The Seventh Circuit found Martin's counsel was deficient because his failure to object "could not be part of any legitimate trial strategy." *Id.* Moreover, "the prosecutor's improper argument was serious in nature, uninvited by the defense, and not rebutted by the defense." *Id.* at 591.

Although Steinpreis's situation appears somewhat similar, *Martin* is a Seventh Circuit decision. Therefore, a contrary result cannot constitute a violation of Supreme Court precedent warranting habeas relief. Even if *Martin* were controlling, however, it would not dictate a different result. First, the *Martin* court found the lawyer's failure to object to be just one of several blunders that rendered counsel's assistance ineffective. *Id.* at 592. It's therefore unclear whether the failure to move for a mistrial based on the prosecutor's statements would have warranted habeas relief on its own. Second, the court noted that "[t]he reference to Dahmer was particularly troubling, considering the trial took place in Wisconsin in 1995, when the memory of Dahmer's sexual exploitation and gruesome murders of young men was still fresh in the minds of area residents." *Id.* at 591. There was no such incendiary reference here. When a defendant relies heavily on character witnesses to say that he would never do something like the crime he's accused of, he cannot be surprised that the State might point out that people are often mistaken. Here, to make that point, the prosecutor cited several well-known people whom the public wrongly assumed to have excellent character. The court of appeals found "the prosecutor's argument was a fair commentary upon Steinpreis's character defense. The prosecutor made the point that limited interaction with an individual oftentimes

9

is not reflective of that person's true personality and nature, using well-known celebrities and public figures as examples." ECF No. 8-2 ¶ 13. That is not an unreasonable conclusion.

Another key difference between *Martin* and this case is that Steinpreis's defense counsel did respond to the prosecutor's statements in his closing argument. *See Martin*, 424 F.3d at 591. In fact, defense counsel appeared to mock the prosecution's effort to link Steinpreis to such a "laundry list" of famous individuals. ECF No. 8-7 at 316:18–23. He also distinguished them from his own client, noting that many of them had multiple victims or were known to be sexual predators, unlike the defendant. *Id.* at 316:23–317:23. Even if there were something improper about the prosecutor's argument, defense counsel was able to address the comparisons in his closing statement. This strategy was reasonable.

In sum, Steinpreis has not shown that his lawyer's decision to distinguish the public figures in his own closing argument rather than object to the comments was "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. With the doubly deferential standard in mind, I cannot conclude that the state court's treatment of the ineffective assistance issue was unreasonable. Accordingly, Steinpreis has not met his burden of demonstrating that he is eligible for relief under § 2254.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." For a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find the district court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, I do not believe a reasonable jurist would find my ruling debatable. Accordingly, a certificate of appealability will be denied.

## CONCLUSION

For all the foregoing reasons, the court **DENIES** the petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, ECF No. 1, and **DISMISSES** this action. The court also **DENIES** the petitioner a certificate of appealability. The clerk of court shall enter judgment accordingly.

**SO ORDERED** this 17th day of April, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge